People v Farrell (2024 NY Slip Op 01022)

People v Farrell

2024 NY Slip Op 01022

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-09790

[*1]The People of the State of New York, respondent,
v
Ryan Farrell, appellant. (S.C.I. No. 71061/22)

Randall D. Unger, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Sarah S. Rabinowitz and Liora M. Ben-Sorek of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Terence P. Murphy, J.), rendered October 19, 2022, convicting him of grand larceny in the fourth degree and robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On May 26, 2022, the defendant pleaded guilty to grand larceny in the fourth degree (Penal Law § 155.30[4]), a class E nonviolent felony offense, and robbery in the third degree (Penal Law § 160.05) a class D nonviolent felony offense, both charged in a Superior Court Information (hereinafter SCI), as well as to another offense for which he had been separately indicted. During the plea proceeding, the County Court indicated that, with respect to the SCI charges, it would consider granting the defendant's application for youthful offender status after receiving the presentence investigation report and that it would grant such application if the defendant was eligible and if there were no "surprises." No promise was made to adjudicate the defendant a youthful offender as to the indicted charge, and the People opposed such adjudication.
At the sentencing proceeding, the record reveals that the defendant had been made aware of the County Court's intention to adjudicate him a youthful offender with respect to the indicted charge, rather than with respect to the SCI charges, thereby resulting in a significant reduction of the defendant's aggregate prison sentence. Despite defense counsel's recitation of this fact on the record, he did not object. Thereafter, and before pronouncing sentence, the court denied the defendant's application for youthful offender status as to the SCI charges. Again, despite having an opportunity to do so, the defendant did not object or move to withdraw his plea of guilty to the SCI charges. The defendant was subsequently sentenced on those charges. By separate judgment, which has not been appealed, the defendant was also sentenced on the indicted charge, for which he received a youthful offender adjudication.
On appeal, the defendant contends that he is entitled to have his conviction vacated and his plea of guilty to the SCI charges withdrawn because the County Court violated a sentencing promise to adjudicate him a youthful offender with respect to those charges. The defendant's contention is unpreserved for appellate review because he failed to object to the court's decision to [*2]adjudicate him a youthful offender as to the indicted charge, rather than the SCI charges, and did not move to withdraw his plea of guilty to the SCI charges after his application for youthful offender status on those charges was denied (see CPL 470.05[2]; People v Walton, 168 AD3d 1001; People v Anastasiou, 162 AD3d 1062). We decline to review the unpreserved contention in the exercise of our interest of justice jurisdiction.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court